[No. B076342. Second Dist., Div. Three. July 25, 1994.]

In re the Marriage of DAVID D. and JEAN MAYTAG.
DAVID D. MAYTAG, Appellant, v.
JEAN MAYTAG, Respondent.

**COUNSEL**

De Goff & Sherman, Richard Sherman and Edwin M. Rosendahl for Appellant.

Narvid, Glickman, Scott & Frangie, Michael B. Scott, Benedon & Serlin and Douglas G. Benedon for Respondent.

**OPINION**

**KLEIN, P. J.**—David D. Maytag (husband) appeals an order dismissing his order to show cause (OSC) for modification of spousal support for lack of jurisdiction.

The issue presented is whether the trial court had jurisdiction to modify the parties' support agreement.

For the reasons discussed below, the trial court had jurisdiction to proceed. The order therefore is reversed and the matter is remanded for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties separated in January 1970, after nearly nine years of marriage. Effective May 1, 1970, prior to entry of either an interlocutory or final judgment of dissolution, the parties entered into a marital settlement agreement (MSA), requiring husband to pay monthly spousal support. The MSA was not submitted to the trial court for approval or implementing orders. Further, the MSA was not referred to, attached as an exhibit to, merged or incorporated into the interlocutory or final judgments of dissolution. Both the interlocutory and final judgments were silent as to spousal support.

Twenty-two years later, in August 1992, husband filed an OSC seeking to modify his spousal support obligation on the ground of a change in circumstances. Husband contended the trial court had jurisdiction under Civil Code former section 4811 (section 4811), subdivision (b), which stated the provisions of "any agreement or order" for the support of either party are subject to modification or revocation by court order.[1]

The trial court ruled it lacked jurisdiction to consider the OSC because the MSA has not been submitted to the court for approval and implementing orders and the interlocutory and final judgments did not contain any provision for spousal support. On March 19, 1993, the trial court dismissed the OSC.

Husband brought a motion for new trial, which was denied. Husband appealed.

## CONTENTIONS

■ Husband contends: (1) section 4811 gave the trial court jurisdiction to decide his OSC even though the parties' MSA was not made part of a judgment or order; (2) the legislative history of section 4811 establishes the statute was intended to give a court power to modify agreements for spousal support, even where the agreement had not become part of a judgment; (3) case law interpretation of section 4811 also establishes the trial court had jurisdiction.

## DISCUSSION

*Dismissal was error because trial court had jurisdiction to modify the parties' private support agreement.*

The controlling statute, section 4811, states in relevant part: "(b) The provisions of *any agreement or order* for the support of either party shall be

---

[1]Effective January 1, 1994, section 4811 was repealed and the relevant portion of subdivision (b) thereof now appears in Family Code section 3591.

subject to subsequent modification or revocation by court order, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke, and except to the extent that any written agreement, or, if there is no written agreement, any oral agreement entered into in open court between the parties, specifically provides to the contrary." (Italics added.)

The pivotal issue is whether section 4811 literally applies to "any agreement," including private agreements, or whether it is limited to those agreements which have been approved by a court and merged into an order or judgment. As discussed below, because *Esserman v. Esserman* (1982) 136 Cal.App.3d 572 [186 Cal.Rptr. 329] is dispositive and establishes the statute's applicability to purely private agreements, the trial court erred in dismissing husband's OSC.

In *Esserman*, the parties were divorced for a second time in 1959 and entered into a written agreement in October 1959, covering support and other issues. This agreement was approved by the trial court and was incorporated into the December 1959 interlocutory judgment of divorce. The 1959 agreement was the subject of civil litigation instigated by the husband in 1970 to rescind the agreement. The litigation resulted in a compromise agreement in 1970 modifying the amount of spousal support. In 1979, the husband filed an OSC seeking permanent termination of spousal support. The trial court ruled it was without jurisdiction to modify the support provision and dismissed the OSC. (*Esserman v. Esserman, supra,* 136 Cal.App.3d at pp. 575-576.)

On appeal, the husband argued the trial court was empowered to modify the provisions for spousal support in the compromise agreement.

*Esserman* agreed, explaining: "The validity of [the husband's] contention turns on whether section 4811 applies to *private agreements* made after the entry of a final judgment of dissolution which also deals with spousal support. . . . We find that it does apply. [¶] Section 4811 refers to 'any agreement' and no qualifications are attached to the term. Therefore nothing on the statute's face mandates that it apply only to agreements made before the entry of a final decree. Additionally, the use of the conjunctive 'or' before the word 'order' indicates that *neither court approval nor merger into a decree is necessary before a court may exercise its power to modify.*" (*Esserman v. Esserman, supra,* 136 Cal.App.3d at p. 577, second italics added.)

*Esserman* reasoned: "Section 4811 purports to insure that courts can modify support awards when circumstances change except where the parties

expressly provide to the contrary. [Citation.] Underlying section 4811 is the policy determination that the public interest is best served when support awards reflect changes in need or ability to pay." (*Esserman* v. *Esserman*, *supra*, 136 Cal.App.3d at p. 577.) Carrying out the *Esserman* rationale, we make the observation that private agreements between husbands and wives which relate to marital concerns should not be beyond the reach of the courts, unless such an intent is *expressly* stated.

The broad reach of section 4811, subdivision (b), as reflected in *Esserman*, is confirmed in the successor statute, Family Code section 3591. Family Code section 3591 states in relevant part: "[T]he provisions of *an agreement* for the support of either party are subject to subsequent modification or termination by court order." (Italics added.) The Law Revision Commission Comment following the statute states: "Section 3591 continues the last sentence of former Civil Code Section 4811(b) *without substantive change*[.]" (West's Ann. Fam. Code, 1994 Special Pamphlet, Law Rev. Com. com. foll. § 3591, italics added.) We presume the Legislature was aware of, and concurred in, *Esserman*'s broad interpretation of section 4811 at the time the statute was recodified. Thus, the current statute reflects section 4811 extended to private agreements and that it was not limited to agreements which had been approved by a court and which had been merged into a judgment or order.

Accordingly, the trial court erred in dismissing the OSC for want of jurisdiction.

### *Wife's attempt to distinguish Esserman without merit.*

Although the trial court was persuaded by wife's attempt to distinguish *Esserman*, we find wife's arguments in this regard unpersuasive.

Wife argues: Here, unlike *Esserman*, the parties' marital support agreement was made *before* the entry of either the interlocutory or final judgment of divorce and the agreement was not incorporated into or even referred to in the subsequent judgment. Unlike *Esserman*, where the parties substituted their subsequent compromise agreement for the spousal support provisions in the judgment, the instant judgment contains no provision for spousal support. "Rather, *the parties' agreement is independent of the judgment* and, accordingly, the court's jurisdiction."

Wife's arguments raise a difference without a distinction. The timing of the support agreement is immaterial, as *Esserman* clearly held "*neither court approval nor merger into a decree is necessary before a court may exercise its*

*power to modify.*" (*Esserman* v. *Esserman, supra,* 136 Cal.App.3d at p. 577, italics added.) Thus, the fact the parties' support agreement is independent of the judgment is unavailing to wife.

## DISPOSITION

The order dismissing husband's OSC is reversed and the matter is remanded for further proceedings consistent with this opinion. Husband to recover costs on appeal.

Croskey, J., and Kitching, J., concurred.